## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISCTRICT OF PUERTO RICO

| | | |
|---|---|---|
| GIOVANNINA GAREN | * | CIVIL NO. |
| | * | |
| Plaintiff | * | PLAINTIFF DEMANDS |
| | * | TRIAL BY JURY |
| vs. | * | |
| | * | |
| PAULSON PRV HOLDINGS LLC | * | |
| d/b/a LA CONCHA RENAISSANCE | * | |
| SAN JUAN RESORT; CONDADO | * | |
| DUO LA CONCHA, LLC.; INTER- | * | |
| NATIONAL HOSPITALITY | * | |
| SERVICES, INC.; CHUBB INSU- | * | |
| RANCE COMPANY OF PUERTO | * | |
| RICO; JOHN DOE d/b/a LA | * | |
| CONCHA RENAISSANCE SAN | * | |
| JUAN RESORT; AND ABC | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**TO THE HONORABLE COURT:**

     **COMES NOW** plaintiff **GIOVANNINA GAREN**, through the undersigned attorney, and very respectfully submits her Complaint:

### I.   JURISDICTION AND PARTIES

     1.    Jurisdiction exists pursuant to 28 U.S.C. 1332, in that Plaintiff is a citizen of the State of New Jersey; Defendants are all entities created and existing under the laws of a state other than the State of New Jersey; and the amount in controversy in each claim exceeds the sum of **SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00)**, exclusive of interest and costs.

2.      Venue exists in this District in that the requirements of 28 U.S.C. § 1391 are met, since "a substantial part of the events giving rise to the claim occurred" in the Commonwealth of Puerto Rico.

3.      Plaintiff Giovannina Garen is of legal age, married, unemployed on account of her disability and a resident of the State of New Jersey. Ms. Garen's postal address and telephone number are the following:

75 Mackerley Road

Newton NJ 07860, NJ

Tel. (973)296-6460

4.      At all times hereinafter mentioned, defendant Paulson PRV Holdings LLC, ("Paulson") is an LLC organized and existing under the laws of Delaware, but duly authorized to do business in Puerto Rico, with its principal place of business at 251 Little Falls Drive, Wilmington, New Castle, Delaware. Paulson is engaged in the hotel industry, real estate development and investments. Paulson is a citizen of Delaware and New York, where its members are domiciled.

5.      At all times relevant, Paulson was the operator of the beachfront hotel, resort and casino known as "La Concha Renaissance San Juan Resort" (henceforth "Hotel La Concha"), located in Condado, Puerto Rico.

6.      At all times hereinafter mentioned, defendant Duo Condado JV Holdings LLC ("Condado Duo") is a Puerto Rico-based LLC with its principal place of business at Popular Center, Floor 19, 208 Ponce de Leon Avenue, San Juan, PR 00918. Duo is engaged in the hotel industry and in real estate development

and investments. Duo Condado is a citizen of Delaware and New York because its sole member is Paulson.

7.    At all times relevant herein, Condado Duo was the owner of the Hotel La Concha.

8.    At all times hereinafter mentioned, defendant International Hospitality Services, Inc. ("International Hospitality"), is a corporation organized and existing under the laws of Puerto Rico, with its principal place of business located at 64 Washington Street Corner of, Luchetti Condado, San Juan, PR, 00907.

9.    At all times relevant herein, Hospitality Services was the administrator in charge of the Hotel La Concha.

10.    Defendant John Doe, is the fictitious name of any person or entity that owns, operates and/or manages the hotel known as the "Hotel La Concha" and for whose negligence it is liable to Plaintiff for the damages averred herein. Once its true name and identity are ascertained, Plaintiff will amend her complaint.

11.    Defendant Chubb Insurance Company of Puerto Rico ("Chubb") is an insurance company organized and existing under the laws of Puerto Rico, with its principal place of business located at organized and existing under the laws of Puerto Rico, with its principal place of business located at Plaza Scotiabank 273 Ponce de Leon Avenue, San Juan, PR, 00918.

12.    At the times of the facts averred herein, Chubb had issued and maintained in full force an effect on behalf of one of more of the defendants herein, which provides defense and coverage for the facts averred herein.

13.    At the times of the facts averred herein, defendant ABC Insurance Company is the fictitious name of the insurance company which at time of the facts alleged herein had issued and maintained in full force and effect an insurance policy on behalf of one of more of defendants herein which provides defense and coverage for the facts alleged herein.  Once its true name and identity is known, the corresponding amendment to the Complaint will be made.

14.    At all times relevant to this matter, Paulson, Condado Duo, Hospitality Services and/or John Doe owned, entrusted, operated, inspected, repaired, maintained and/or controlled the premises of the Hotel La Concha where the accident object of this Complaint occurred.

15.    At all times relevant to this matter, Paulson, Condado Duo and Hospitality Services had a legal duty of care to keep all facilities of the Hotel free of risks and dangerous conditions, and to take all reasonable and necessary measures to protect its guests, invitees and/or any other person who legally used such facilities, including Ms. Garen, against any foreseeable risk of injury, harm or bodily harm.

## II. <u>FACTS</u>

16.    On July 9, 2023, Ms. Garen was a paying guest of the Hotel La Concha. After having dinner and visiting the Hotel's casino, she came back to

4

her room at about 12:30 a.m. At about 1:00 a.m. she proceeded to take a shower and when she exited the same, she slipped and fell with great force, as the bathtub/shower leaked water upon the floor, sustaining traumatic injuries through her body, but particularly to her head, neck and back.

17.    Early the next morning, she proceeded to notify Hotel La Concha of her accident, for which she was assisted by one of its employees. She had to take some analgesics for the pain which she woke up with and as the day progressed, she began to feel nauseous and unwell, and had to retire to her room.

18.    The next day, July 10, 2023, she continued to experience pain, for which she continued to take analgesics and later in the afternoon, she boarded her return flight to her home in New Jersey.

19.    On the following Monday July 11, 2023, she went to her primary care physician, Dr. Samir Shah, and he ordered a CT scan of my head which was performed at Newton Medical Center and showed that she had sustained a concussion.

20.    About two weeks later, while Ms. Garen was at her home, while hanging a shirt on a hanger she felt a sharp terrible pain in her back. She called her husband at work, who in turn called his son, to take me to the emergency room. At the ER they did tests and thought that she had a kidney stone, gave her medication for the pain and discharged her home.

21.    The next morning, she took her pain medications as instructed but had zero relief. Believing that she had a kidney stone, she booked an emergency

appointment with a urologist for that afternoon. When the urologist looked at her ER visit records, he said that she didn't have a kidney stone, that it was a back issue that was seen on my CT scan.

22.    She then went directly back to her primary care physician's office where she was put on numerous medications for pain management.   However, her symptoms and pain did not subside, and she returned to the ER which they kept her for two (2) days for observation, testing and pain management.

23.    Upon her discharge, she contacted an orthopedist, a chiropractor, and a spinal nerve specialist. The chiropractor reviewed her medical records and stated that I had a fracture in my spine and that I needed to see the orthopedist as soon as possible, as she needed to be put in a back brace.

24.    Dr. Gutkin, orthopedist, then referred her to physical therapy with future consideration for an epidural injection if her symptoms did not improve with the therapy. She then attended physical therapy two to three times per week with no improvements.

25.    She then went to see the nerve spine specialist Dr. Richard Winne for a second opinion, as the pain did not lessen. Upon evaluating her, Dr. Winne scheduled her for an epidural injection two weeks later in September 2023, their first available appt. Once she awoke from the procedure, she continued with the excruciating pain and was told another epidural shot could only be given after two weeks' time.

26.    When she went back to Dr. Winne's office for a follow-up appointment, she was referred to Dr. George Naseef for evaluation for a spinal stimulator implant or surgery.

27.    On October 2023 Ms. Garen met with Naseef and upon reviewing my medical records he indicated that surgery was her only option and that she needed it immediately, as the fractured vertebrae was crushing the nerve.

28.    Dr. Naseef did say that the nerve damage may be permanent, but she would feel have immediate improvement of the pain.

29    The surgery was performed on November 20, 2023, at Morristown Medical Center. During this procedure, Ms. Garen underwent a spinal fusion with bone graft and hardware.

30.    After the surgery, she was supposed to start physical therapy in 3-4 months post-op, but the bone graft and body needed more time to heal. Physical therapy recently commenced in June 4, 2024.

31.    Notwithstanding the amount of medical treatment that Ms. Garen has received, she will require additional medical treatment in the future, and likely will remain with a significant degree of physical impairment, which will adversely affect her daily living activities. As such, Ms. Garen has incurred, and will continue to incur in the future, substantial sums in her medical care and treatment.

32.     Prior to the accident in question, Ms. Garen had worked at Newton Medical Center, for some 24 years.  At the time of the accident, she held the position of assistant manager of the hospital's cardiology department.

33.     Due to the physical injuries sustained on July 9, 2023, at the Hotel La Concha, on August 16, 2023, she had to cease working, and initially sought sick leave and when it expired, she exhausted all available licenses, until finally on April 9, 2024, she was terminated from her employment.

34.     At present, Ms. Garen is receiving long-term disability benefits, and it is unlikely that she will be able to resume her professional career due to her physical impairment. As such, she has suffered, and will continue to suffer, the loss of her income as an employee of Newton Medical Center.

## II.  LIABILITY

35.     The accident suffered by Ms. Garen on July 9, 2023, was caused, solely and exclusively, by the negligence of Paulson, Condado Duo, Hospitality Services and/or John Doe, by maintaining a leaking bathtub/shower at the room assigned to Ms. Garen, allowing the water from the shower to leak to the bathroom's floor, thereby creating an ostensibly hazardous condition for its guests, invitees and/or any other person who legally used such hallway, without giving notice of such existing hazardous condition and without taking precautionary measures to prevent the leak and avoid accidents like the one that occurred to Plaintiff.

36.    Paulson, Condado Duo, Hospitality Services and/or John Doe knew or, in the exercise of due diligence, should have known, about the existence of the perilous condition negligently maintained by their employees or agents in the room assigned to Ms. Garen at Hotel La Concha and it was reasonably foreseeable to Defendants that such dangerous condition could and, in fact, did pose a threat to the safety and well-being of its guests, invitees and any other person lawfully using the bathroom in question, including Ms. Garen, but they did nothing to eliminate such hazardous condition before the accident suffered by her occurred.

37.    Paulson, Condado Duo, Hospitality Services and/or John Doe had a legal heightened duty of care towards its guests, such as Ms. Garen, to keep the entire premises of the Hotel La Concha, particularly the room used by its guests, invitees and others, in a reasonably safe condition and to adequately inspect the same according to applicable standards, as well as pursuant to its knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent such people from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

38.    Likewise, Paulson, Condado Duo, Hospitality Services and/or John Doe had the legal heightened duty of care towards its guests, such as Ms. Garen, to provide adequate supervision, training, and instructions to its employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions in the rooms of Hotel La Concha not only before being

9

cleared for assignment to its guests, but also on a daily basis during the cleaning process during the cleaning process, so that effective, proper, reasonable and necessary precautions or measures could be implemented to protect their guests from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

39.    Paulson, Condado Duo Hospitality Services and/or John Doe were negligent in that they breached and utterly failed to comply with their duties:

a) to properly inspect the room assigned to Ms. Garen both before and during her stay;

b) to properly train and instruct its agents or employees to maintain such rooms in a reasonably safe condition for the use of its guests, invitees and others -- including, but not limited to, training and instructions on how to properly inspect, identify and remove or eliminate hazardous, perilous or dangerous conditions;

c) to keep the rooms in question in reasonably safe conditions for their intended use, free from hazards or dangers; and,

d) to warn about such perilous conditions, immediately fix, or reassign Ms. Garen to a different room.

40.    It was reasonably foreseeable to Paulson, Condado Duo, Hospitality Services and/or John Doe that their failure to comply with one or more of the previously mentioned duties could cause their guests, invitees or any other

person lawfully walking along the hall in question to suffer injuries, damages and harm, as those occasioned to and suffered by Ms. Garen.

41.    The sole and exclusive negligence of Paulson, Condado Duo, Hospitality Services and/or John Doe was the proximate or adequate cause of the injuries, damages and losses suffered by Ms. Garen. By incurring such negligence, Defendants responds to Plaintiff for the damages caused.

42.    Defendants Chubb and ABC Insurance Company are directly liable to the plaintiff for the injuries that he sustained as result of the negligence and/or fault of its insureds, pursuant to Articles 20.010 and 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A. §§ 2001 and 2003.

### III.  DAMAGES

43.    As a result of the acts, fault and negligence of the Defendants, Plaintiff has suffered, and will continue to suffer in the future, excruciating pain and mental anguish and is permanently impaired.

44.    As a result of the acts, fault and negligence of the Defendants, Plaintiff has suffered and will continue suffering in the future excruciating pain and mental anguish in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**, for which the Defendants are jointly and severally liable.

45.    As a result of the acts, fault and negligence of the Defendants, Plaintiff has suffered a loss of past and future income of more than **ONE MILLION DOLLARS ($1,000,000.00)**, as well as past and future medical expenses exceeding the sum of **FIFTY THOUSAND DOLLARS ($50,000.00).**

46.    The defendants have incurred in obstinacy, for which reason they are not only liable for the payment of the principal prayed herein, but also for the payment of prejudgment interest and attorneys' fees.

### IV.   JURY DEMAND

47.    Plaintiff demands trial by jury on all issues so triable.

**WHEREFORE**, it is very respectfully requested that this Honorable Court grant Plaintiff's Complaint and enter judgment for the above claimed amounts on his behalf, plus costs, disbursements, and a reasonable sum for attorneys' fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of July, 2024.

**I HEREBY CERTIFY:** That on July 3, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system.

**s/ <u>Richard Schell-Asad</u>**
Richard Schell-Asad - Bar No. 203207

**s/ <u>José M. Carreras-Pérez</u>**
José M. Carreras-Pérez – Bar No. 212403

Attorneys for Plaintiff
1250 Ponce de León Ave., Ste. 1008
San Juan, PR 00907
Tel. 787-559-2712
rschellasad@aol.com